

**U.S. Department of Justice**

United States Attorney
District of Connecticut

Connecticut Financial Center
157 Church Street, Floor 25
New Haven, Connecticut 06510

Telephone: (203)821-3700
Fax: (203) 773-5376

FILED
2013 JUL 29 PM 1 11
U.S. DISTRICT COURT
NEW HAVEN, CT.

July 29, 2013

Stanley A. Twardy, Esq.
Elizabeth A. Latif, Esq.
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103

                Re:      United States v. Frederic Pierucci
                         Criminal No. 3:12CR238(JBA)

Dear Attorneys Twardy and Latif:

      This letter confirms the plea agreement between your client, Frederic Pierucci (the "defendant"), and the Department of Justice, Criminal Division, Fraud Section and the United States Attorney's Office for the District of Connecticut (collectively, the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

      The defendant agrees to plead guilty to Count One – conspiracy to violate the Foreign Corrupt Practices Act ("FCPA"), in violation of 18 U.S.C. § 371 – and Count Two – violating the FCPA, in violation of 15 U.S.C. § 78dd-2 – of the Superseding Indictment in the above- referenced case. He understands that, to be guilty of these offenses, the following essential elements of the offense must be satisfied:

Count One

      1.      An unlawful agreement between two or more individuals to violate the Foreign Corrupt Practices Act existed; specifically, to willfully make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value, to a foreign official, and to a person, while knowing that all or a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his or her influence

with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist defendant and his co-conspirators in obtaining and retaining business for and with, and directing business to, their employer and others;

2. The defendant knowingly and willfully entered that conspiracy;

3. One of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Superseding Indictment; and

4. The overt acts were committed to further some objective of the conspiracy.

Count Two

1. The defendant was a domestic concern, or an officer, director, employee, or agent of a domestic concern;

2. The defendant acted corruptly and willfully;

3. The defendant made use of the mails or any means or instrumentality of interstate commerce in furtherance of conduct that violates the FCPA;

4. The defendant offered, paid, promised to pay, or authorized the payment of money, or offered, gave, promised to give, or authorized the giving of anything of value;

5. The payment or gift at issue was to a foreign official, or was to any person while knowing that all or a portion of such money or thing would be offered, given, or promised (directly or indirectly) to a foreign official;

6. The payment or gift at issue was intended for at least one of four purposes:

   (a) to influence any act or decision of the foreign official in his or her official capacity;

   (b) to induce the foreign official to do or omit to do any act in violation of that official's lawful duty;

   (c) to secure any improper advantage; or

   (d) to induce that foreign official to use his or her influence with a foreign government or department, agency, or instrumentality thereof to affect or influence any act or decision of such government, department, agency, or instrumentality; and

7. The payment or gift was intended to assist the defendant in obtaining or

retaining business for or with, or directing business to, any person or company.

In addition, as a member of the conspiracy charged in Count One described above, the defendant is guilty of Count Two described above if:

1.  The crime charged in Count Two was committed;

2.  Persons who actually committed the crime charged in Count Two were members of the conspiracy;

3.  The crime charged in Count Two was committed pursuant to the common plan and understanding existing among the conspirators;

4.  The defendant was a member of the conspiracy at the time the crime charged in Count Two was committed; and

5.  The defendant could have reasonably foreseen that the crime charged in Count Two might be committed by his co-conspirators.

## THE PENALTIES

Count One carries a maximum penalty of 5 years imprisonment and a $250,000 fine. Count Two carries a maximum penalty of 5 years imprisonment and a $100,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than 3 years to begin at the expiration of any term of imprisonment. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to 2 years, with no credit for time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000 for Count One and $100,000 for Count Two.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty pleas are accepted.

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a

preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty pleas if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to §3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter pleas of guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his pleas of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his pleas of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Guideline Stipulation

The parties agree that the applicable Sentencing Guidelines range exceeds the statutory maximum sentence of ten years imprisonment. Therefore, pursuant to U.S.S.G. Section 5G1.2, the applicable guideline sentence is ten years imprisonment.

The defendant agrees that he will neither move for a downward departure, nor will he seek a variance from the applicable Guideline sentence pursuant to the factors in Title 18, United States Code, Section 3553(a), except with respect to personal history or personal characteristics unrelated to the charged conduct. Nor will the defendant suggest that the Probation Department consider a downward departure or adjustment or suggest that the Court sua sponte consider a downward departure, except with respect to personal history or personal characteristics unrelated to the charged conduct.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the pleas of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence imposed by the Court if that sentence does not exceed 10 years, a 3-year term of supervised release, and a fine of $250,000 for Count One and $100,000 for Count Two, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree not to appeal or collaterally attack the Court's imposition of a sentence of imprisonment concurrently or consecutively, in whole or in part, with any other sentence. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Pleas

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the pleas of guilty are accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's pleas of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver in Right of Immigration Status

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty pleas regardless of the immigration consequences of the pleas and regardless of any advice the defendant has received

from his counsel or others regarding those consequences. Accordingly, the defendant waives any and all challenges to his guilty pleas and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty pleas, or to file a direct appeal or any kind of collateral attack challenging his guilty pleas, convictions or sentence, based on the immigration consequences of his guilty pleas, conviction and sentence.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from these pleas of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. Finally, as described above, the defendant may be subject to deportation or removal from the United States as a consequence of his conviction as well as exclusion from admission or readmission to the United States. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for

analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty pleas, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conduct which forms the basis of the Superseding Indictment in this case. The Government further agrees not to prosecute the defendant for other instances, currently known to the Government, of conspiring to make or making corrupt payments to foreign officials in connection with power-related contracts obtained by or on behalf of the defendant's employer, or for creating or maintaining, or causing the creation or maintenance of, false books and records associated with any such contracts or payments. After sentencing, the Government will move to dismiss counts three through ten of the superseding indictment because the conduct underlying the dismissed counts will have been taken into account in determining the appropriate sentence.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his pleas of guilty.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

| | |
|---|---|
| JEFFREY H. KNOX<br>CHIEF, FRAUD SECTION<br>Criminal Division<br>United States Department of Justice | DEIRDRE M. DALY<br>ACTING U.S. ATTORNEY<br>District of Connecticut |
| DANIEL S. KAHN<br>TRIAL ATTORNEY<br>Fraud Section, Criminal Division<br>U.S. Department of Justice | DAVID E. NOVICK<br>ASSISTANT U.S. ATTORNEY |

The defendant certifies that he has read this plea agreement letter or has had it read or translated to him, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts its terms.

Frederic Pierucci            07/29/13
The Defendant               Date

I have thoroughly read, reviewed and explained this plea agreement to my client who advises me that he understands and accepts its terms.

Stanley A. Twardy, Esq.      07/29/13
Elizabeth A. Latif, Esq.      Date
Attorneys for the Defendant