UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
------------------------------ x
                                :
 UNITED STATES OF AMERICA,      :
                 Plaintiff,     :      Criminal No.
                                :      3:12-CR-238 JBA
           vs.                  :
                                :      July 29, 2013
 FREDERIC PIERUCCI, ET AL.,     :
                 Defendant.     :
                                :
------------------------------ x
```

U.S. Courthouse
141 Church Street
New Haven, CT 06510

INITIAL APPEARANCE AND ARRAIGNMENT

CHANGE OF PLEA

(Transcription from Electronic Recording)

Held Before:

The Hon. JOAN G. MARGOLIS
United States Magistrate Judge

Transcription Services of
FALZARANO COURT REPORTERS, LLC
117 North Saddle Ridge
West Simsbury, CT  06092
860.651.0258

A P P E A R A N C E S:

<u>For the Plaintiff:</u>

    OFFICE OF THE UNITED STATES ATTORNEY
    157 Church Street, 23rd Floor
    New Haven, Connecticut 06510
    203-821-3700
        BY:  DAVID NOVICK, ESQ.
            Assistant U.S. Attorney

    UNITED STATES DEPARTMENT OF JUSTICE
    Fraud Section, Criminal Division
    1400 New York Avenue, NW
    Washington, DC  20005
        BY:  DANIEL S. KAHN, ESQ.

<u>For the Defendant:</u>

    DAY PITNEY, LLP
    242 Trumbull Street
    Hartford, Connecticut 06103
    860-275-0166
        BY:  ELIZABETH A. LATIF, ESQ.

    DAY PITNEY, LLP
    One Canterbury Green
    201 Broad Street
    Stamford, Connecticut 06901
    203-977-7300
        BY: STANLEY A. TWARDY, JR., ESQ.

```
 1                    (Proceedings commenced at 2:44 p.m.)

 2                    THE COURT:  Thank you.  You may be

 3   seated.

 4                    MR. NOVICK:  Thank you, your Honor.

 5                    THE COURT:  As you know we're here in

 6   U.S. vs. Frederic Pierucci, which is 12-CR-238, a case

 7   assigned to Judge Arterton.

 8                    Will counsel please identify themselves

 9   for the record.

10                    MR. NOVICK:  For the government, David

11   Novick, and Daniel Kahn, trail attorney with the

12   Department of Justice Fraud Section.

13                    MR. TWARDY:  And for the defendant,

14   Stanley A. Twardy, Jr. and Elizabeth Latif of the firm

15   Day Pitney.

16                    THE COURT:  Thank you.

17                    Mr. Pierucci, as you know my name is

18   Joan Margolis.  I am a United States Magistrate Judge.

19   You last appeared before me on April 19th this year for

20   a bond hearing.

21                    There are several purposes for this

22   afternoon's proceeding.  The first is going to initial

23   appearance and arraignment, and then we're going into

24   the guilty plea.

25                    With respect to the initial appearance
```

1  and arraignment, I need to advise you, sir, of your

2  right to remain silent and to your right to an

3  attorney.  The second is explain to you the nature of

4  the charges that the Government has now brought

5  against you.  The third is for the discussion of bail

6  and the last is for you to enter a not guilty plea,

7  again followed by your guilty plea.

8          Let me now advise you, sir, of what is

9  commonly known as your Miranda rights.  You have the

10  right to remain silent.  Anything you say may be used

11  against you in a court of law.  You may consult with

12  an attorney prior to any questioning; you may have an

13  attorney present during questioning.  Counsel will be

14  appointed for you without charge if you cannot afford

15  one.  And if you choose to make a statement or answer

16  questions without the presence of counsel you may stop

17  answering at any time.

18          Do you understand these rights, sir?

19          MR. PIERUCCI:  Yes, your Honor.

20          THE COURT:  And counsel is privately

21  retained; is that correct?

22          MR. TWARDY:  Yes, your Honor.

23          THE COURT:  Mr. Pierucci, as you know a

24  grand jury in New Haven on April 30th returned a

25  superseding indictment against you.  You are charged

1  in Count 1 with conspiracy in violation of Title 18,

2  United States Code Section 371.

3  You are charged in Counts 2 through 5,

4  the Foreign Corrupt Practices Act, violation of the

5  Foreign Corrupt Practices Act in violation of Title

6  15, United States Code Section 78DD-2.

7  You are charged in Count 6 with

8  conspiracy to commit money laundering in violation of

9  Title 18, United States Code Section 1956H.

10  And lastly you are charged in Counts 7

11  through 10 with money laundering in violation of Title

12  18, United States Code Section 1956A2A.

13  At this point I ask government's

14  counsel, please explain to the defendant the maximum

15  penalties he faces if he were convicted of these

16  charges.

17  MR. NOVICK:  Certainly, your Honor.

18  With regard to Count 1, that's the

19  conspiracy count, violation of Title 18, United States

20  Code Section 371, it's a maximum term of imprisonment

21  of 5 years, a maximum fine of $250,000, a supervised

22  release of 3 years and a special assessment of $100.

23  With regard to Counts 2 through 5,

24  substantive violations of the FCPA, a maximum term of

25  imprisonment on each count of 5 years, $100,000 fine

1   maximum on each count, $100 special assessment on each

2   count, as well as 3 years of supervised release.

3                   With regard to Count 6, that's the

4   conspiracy to commit money laundering, Section 1956H,

5   a maximum term of imprisonment of 20 years, a $250,000

6   fine, 3 years supervised release, and a $100 special

7   assessment.

8                   And finally Counts 7 through 10 -- I'm

9   sorry, your Honor, that's a $500,000 fine on the money

10  laundering count, Count 6.

11                  And on Counts 7 through 10, a maximum

12  of 20 years imprisonment, $500,000 fine, 3 years

13  supervised release and a $100 special assessment on

14  each count.

15                  THE COURT:  Thank you.

16                  MR. NOVICK:  Thank you, your Honor.

17                  THE COURT:  And let me inquire, is the

18  defendant an American citizen or a foreign national?

19                  MR. TWARDY:  Foreign national, your

20  Honor.

21                  THE COURT:  Of which country, please?

22                  MR. TWARDY:  France.

23                  THE COURT:  I do not see France on my

24  list of countries for which notification is mandatory.

25                  Because, Mr. Pierucci, you're a foreign

1   national, you are entitled to have the government

2   notify your consulate of your arrest and of your

3   detention.  Your consulate might be able to assist you

4   with this matter and have access to you while you are

5   in detention.  The U.S. Government must notify your

6   consulate only if you request that they do so.  You

7   should discuss this issue of notice to your consulate

8   further with your attorney.  You may request that the

9   U.S. Government notify your consulate at any time.

10                  Do you understand that, sir?

11                  MR. PIERUCCI:  Yes, your Honor.

12                  THE COURT:  And if there comes a time

13  that you wish the U.S. Government to notify the French

14  Consulate, please let your attorney know that.  They

15  will in turn contact the U.S. Attorney's Office and a

16  member of the U.S. Government will then notify the

17  French Consulate.

18                  Do you understand that?

19                  MR. PIERUCCI:  Yes, your Honor.

20                  THE COURT:  Before I take your not

21  guilty plea there is a series of question I must ask

22  you.  And the first is are you the person who is named

23  in this indictment, sir?

24                  MR. PIERUCCI:  Yes, your Honor.

25                  THE COURT:  How old are you, please?

```
 1              MR. PIERUCCI:  45.

 2              THE COURT:  What is the last grade that

 3   you attended at school?

 4              MR. PIERUCCI:  MBA.

 5              MR. TWARDY:  Your Honor, he received an

 6   MBA at -- he received an MBA at Colombia University

 7   here in the United States.

 8              THE COURT:  Thank you.

 9              Are you currently or have you recently

10   been under the care of a physician or a psychiatrist

11   or have you been hospitalized or treated for narcotics

12   addiction?

13              MR. PIERUCCI:  No, your Honor.

14              THE COURT:  Do you have any mental or

15   physical problems which may impair your ability to

16   participate in or understand these proceedings?

17              MR. PIERUCCI:  No, your Honor.

18              THE COURT:  Do you have any problems

19   understanding the English language, sir?

20              MR. PIERUCCI:  No, your Honor.

21              THE COURT:  Do you have an attorney

22   with you today?

23              MR. PIERUCCI:  Yes, your Honor.

24              THE COURT:  And does either counsel

25   know of any reason why this defendant cannot enter a
```

not guilty plea this afternoon?

MR. TWARDY: No, your Honor.

MR. NOVICK: No, your Honor.

THE COURT: Mr. Pierucci, have you received a copy of the superseding indictment, sir?

MR. PIERUCCI: Yes, your Honor.

THE COURT: Have you had an opportunity to read it and to discuss it with your attorney?

MR. PIERUCCI: Yes, your Honor.

THE COURT: Do you wish the Court Clerk read the indictment to you or do you waive reading of the indictment?

MR. PIERUCCI: Yes.

MR. TWARDY: The Clerk may waive -- he will waive the reading, your Honor.

THE COURT: Thank you.

MR. PIERUCCI: Thank you.

THE COURT: Therefore I ask the Court Clerk please to take Mr. Pierucci's plea to Courts 1 through 10 of the indictment.

THE CLERK: In the case of the United States vs. Frederic Pierucci, Criminal Number 3:12-CR-238 JBA, as to Count 1 of the superseding indictment charging you with a violation of Title 18, United States Code Section 371, what is your plea?

1          MR. PIERUCCI:  Not guilty.

2          THE CLERK:  As to Counts 2 through 5 of

3   the superseding indictment charging you with a

4   violation of Title 15, United States Code Section

5   78DD-2 and Title 18, United States Code Section 2,

6   what is your plea?

7          MR. PIERUCCI:  Not guilty.

8          THE CLERK:  As to Count 6 of the

9   superseding indictment charging you with a violation

10  of Title 18, United States Code Section 1956A, what is

11  your plea?

12         MR. PIERUCCI:  Not guilty.

13         THE CLERK:  As to Counts 7 through 10

14  of the superseding indictment charging you with a

15  violation of Title 18, United States Code Section

16  1956A2A2, what is your plea?

17         MR. PIERUCCI:  Not guilty.

18         THE CLERK:  Your Honor, the Defendant

19  has pled not guilty to Counts 1 through 10 of the

20  superseding indictment.

21         THE COURT:  Thank you.

22         We are now going to proceed to the

23  guilty plea portion of these proceedings as I

24  understand the Defendant would like to change his plea

25  to Counts 1 and 2 of a 10 count superseding

1   indictment.

2              Count 1 charges him with conspiracy to

3   violate the Foreign Corrupt Practices Act in violation

4   of Title 18, United States Code Section 371, and Count

5   2 charges him with violation of the Foreign Corrupt

6   Practices Act in violation of Section 78DD-2 of Title

7   15 of the United States Code.

8              Mr. Pierucci, you're entitled to have

9   this court proceeding held before Judge Arterton, who

10  is an Article 3 judge.  It's my understanding that you

11  wish to have me as a magistrate judge hold the court

12  proceeding instead; is that correct sir?

13             MR. PIERUCCI:  Yes, your Honor.

14             THE COURT:  Let me hand the order of

15  referral to the Court Clerk and ask the defendant,

16  defendant counsel and the assistant United States

17  attorney all sign and date the consent form, please.

18             (Pause.)

19             THE COURT:  The consent form having

20  been signed by the defendant, his counsel, as well as

21  the assistant United States attorney, I hereby return

22  the order referral to the Court Clerk so that it may

23  be filed and forwarded to Judge Arterton for her

24  signature at her earliest convenience.

25             Mr. Pierucci, a few moments ago I just

1   advised you of what's commonly known as your Miranda

2   rights.  I presume that you remember that, correct,

3   sir?

4                   MR. PIERUCCI:  Yes, your Honor.

5                   THE COURT:  You have a right to

6   counsel, that is your right to be represented by an

7   attorney at every stage of the proceedings against

8   you.  If you cannot afford counsel one will be

9   appointed for you by the court at no cost to you.

10                  Do you understand that, sir?

11                  MR. PIERUCCI:  Yes, your Honor.

12                  THE COURT:  Mr. Pierucci, before I take

13  your guilty plea there are a number of questions I

14  must ask you while you're under oath to ensure that

15  you have entered into a valid plea.  If you do not

16  understand any of my questions please say so and I

17  will reword the question.

18                  At this point I'll ask the Court Clerk

19  please to place Mr. Pierucci under oath.

20                  THE CLERK:  Please stand and raise your

21  right hand.

22      (FREDERIC PIERUCCI, Defendant herein, was duly

23      sworn by the Clerk.)

24                  THE COURT:  Thank you.  You may be

25  seated.

1                    Mr. Pierucci, you understand that

2    having been sworn, your answers to my questions will

3    be subject to the penalties for perjury or for making

4    a false statement if you do not answer truthfully.  Do

5    you understand that, sir?

6                    MR. PIERUCCI:  Yes, your Honor.

7                    THE COURT:  What is your full name,

8    please?

9                    MR. PIERUCCI:  Frederic Pierucci,

10   Michel -- or Pierucci.

11                   THE COURT:  Have you ever used any

12   other names?

13                   MR. PIERUCCI:  No, your Honor.

14                   THE COURT:  How old are you, please?

15                   MR. PIERUCCI:  45.

16                   THE COURT:  What schooling or education

17   have you had?

18                   MR. PIERUCCI:  I have an engineering

19   degree in France and I have an MBA from Colombia

20   University in New York.

21                   THE COURT:  Are you able to speak and

22   understand the English language?

23                   MR. PIERUCCI:  Yes, your Honor.

24                   THE COURT:  Have you had any difficulty

25   in communicating with your lawyer?

1          MR. PIERUCCI:  Well, I'm in Wyatt so

2    it's not an easy place to communicate, you know, so

3    yes, it was not easy to communicate, but we manage.

4          MR. TWARDY:  Your Honor, if I might

5    just -- Mr. Pierucci has limited phone calls which

6    proved difficult.  However, Attorney Latif and I have

7    visited with him at Wyatt on three occasions.

8    Attorney Latif has been there four or five other

9    times.  We've had other occasions in which to meet

10   with Mr. Pierucci such as today.  Attorney Latif was

11   with him since about 11:30 this morning and I've been

12   with him since about 1:00 o'clock, so I believe Mr.

13   Pierucci is referring to the -- as I think the court

14   is aware of, the difficulty of communications between

15   pretrial detainees and their counsel.  But other than

16   that we've had an opportunity to talk about everything

17   in the superseding indictment, the plea, et cetera.

18         THE COURT:  Thank you.  Have there been

19   any language barriers between the two of you?

20         MR. TWARDY:  No, your Honor.

21         THE COURT:  Okay.

22         Are you presently or have you recently

23   been under the care of a physician or a psychiatrist?

24         MR. PIERUCCI:  Yes, your Honor.

25         THE COURT:  Okay.  And for what

1  condition?

2            MR. PIERUCCI:  Trouble sleeping due to

3  the stress of the situation, and so I was taking some

4  medicines for that.

5            THE COURT:  That was going to be my

6  next question.  Is there any medication that you're

7  taking for that?

8            MR. PIERUCCI:  Right.  Yes, some

9  Benadryl (phonetic) to help the stress and to help

10  sleeping, and some antibiotics as well.

11            THE COURT:  Okay.  Would that

12  medication have any effect on your ability to

13  understand what's going on here?

14            MR. PIERUCCI:  No, your Honor.

15            THE COURT:  And would the insomnia or

16  the stress have any effect on your ability to know

17  what's going on here?

18            MR. PIERUCCI:  (Inaudible.)

19            THE COURT:  Would the insomnia or the

20  stress have any effect on your ability to understand

21  what's going on here?

22            MR. PIERUCCI:  No, no, no, your Honor.

23  No.

24            THE COURT:  In the past 48 hours have

25  you taken any narcotic drugs, medicine or pills or

1    consumed any alcoholic beverages?

2              MR. PIERUCCI:  My medication.

3              THE COURT:  And when was the last time

4    you took that?

5              MR. PIERUCCI:  This morning.

6              THE COURT:  And again, would that

7    medication have any effect on your ability to

8    understand what's going on here?

9              MR. PIERUCCI:  No, your Honor.

10             MR. TWARDY:  And I believe the

11   medication he's referring to this morning would have

12   been the antibiotics.

13             MR. PIERUCCI:  Right.  Sorry.

14             THE COURT:  Have you ever been

15   hospitalized or treated for alcoholism or narcotics

16   addiction?

17             MR. PIERUCCI:  No, your Honor.

18             THE COURT:  Is your mind clear this

19   afternoon?

20             MR. PIERUCCI:  Yes, your Honor.

21             THE COURT:  Do you understand what's

22   going on here?

23             MR. PIERUCCI:  Yes, your Honor.

24             THE COURT:  Let me inquire of defense

25   counsel.  Have you had any difficulty in communicating

1    with the defendant?

2                    MR. TWARDY:  No, your Honor.

3                    THE COURT:  Have you discussed this

4    case with your client?

5                    MR. TWARDY:  Yes, your Honor.

6                    THE COURT:  Does he understand the

7    rights that he would be waiving by pleading guilty?

8                    MR. TWARDY:  Yes, your Honor.

9                    THE COURT:  Is he capable of

10   understanding the nature of these proceedings?

11                   MR. TWARDY:  Yes, your Honor.

12                   THE COURT:  Do you have any doubts as

13   to the Defendant's competence to plead at this time?

14                   MR. TWARDY:  I do not, no.

15                   THE COURT:  Have you advised your

16   client of the maximum sentence and fine that can be

17   imposed, and have you discussed with him the operation

18   of the sentencing guidelines?

19                   MR. TWARDY:  Yes, we have, your Honor.

20                   THE COURT:  Thank you.

21                   Mr. Pierucci, have you had an

22   opportunity to discuss your case with your attorney

23   and are you satisfied to have him represent you here

24   today?

25                   MR. PIERUCCI:  Yes, your Honor.

1    THE COURT:  Have you received a copy of

2  the superseding indictment?

3    MR. PIERUCCI:  Yes, your Honor.

4    THE COURT:  Have you consulted with

5  your attorney about the charges?

6    MR. PIERUCCI:  Yes, your Honor.

7    THE COURT:  Do you understand the

8  charges?

9    MR. PIERUCCI:  Yes, your Honor.

10    THE COURT:  The first and most

11  important thing you must understand is that you do not

12  have to plead guilty even if you are guilty.  Under

13  our system of law the prosecutor has the burden of

14  proving the guilt of a defendant beyond a reasonable

15  doubt.  If the prosecutor is unable to meet his burden

16  of proof, the jury has a duty to find the defendant

17  not guilty even if he is guilty.

18    Do you understand that, sir?

19    MR. PIERUCCI:  Yes, your Honor.

20    THE COURT:  It sometimes happens in an

21  American courtroom that a jury has returned a verdict

22  of not guilty even though everybody in the courtroom

23  thought the defendant was guilty.  What the jury was

24  saying in this case is not necessarily that the

25  defendant was innocent, but rather that the prosecutor

 1   had failed to meet his burden of proving that the

 2   defendant was guilty.

 3                Do you understand that, sir?

 4                MR. PIERUCCI:  Yes, your Honor.

 5                THE COURT:  So that is why I say even

 6   if you are guilty you have a choice.  You may plead

 7   guilty as you apparently now wish to do, or you may

 8   say to the government prove it, meet your burden of

 9   proving me guilty beyond a reasonable doubt.  And the

10   way to exercise that option is by saying not guilty

11   when I ask you how you plea.  You understand that,

12   sir?

13                MR. PIERUCCI:  Yes, your Honor.

14                MR. TWARDY:  Thank you, your Honor.

15                THE COURT:  Okay.  If you plead not

16   guilty under the constitutional laws of the United

17   States, you are entitled to a speedy public trial by a

18   jury with the assistance of counsel on the charges

19   contained in the superseding indictment.

20                Do you understand that, sir?

21                MR. PIERUCCI:  Yes, your Honor.

22                THE COURT:  At the trial you would be

23   presumed innocent and the government would have to

24   overcome that presumption and prove you guilty by

25   competent evidence and beyond a reasonable doubt.  You

1    would not have to prove that you are innocent.  If the

2    government were to fail the jury would have the duty

3    to find you not guilty.

4                    Do you understand that, sir?

5                    MR. PIERUCCI:  Yes, your Honor.

6                    THE COURT:  In the course of the trial

7    the witnesses for the government would have to come to

8    court and testify in your presence and your counsel

9    would have the right to cross examine the witnesses

10   for the government, to object to evidence offered by

11   the government, to offer evidence on your behalf, and

12   to compel the attendance of witnesses.

13                   Do you understand that, sir?

14                   MR. PIERUCCI:  Yes, your Honor.

15                   THE COURT:  At the trial, while you

16   would have the right to testify if you chose to do so,

17   you could not be required to testify.  Under the

18   Constitution of the United States a defendant in a

19   criminal case cannot be forced to take the witness

20   stand at his trial and say anything that could be used

21   to show that he is guilty of the crime with which he

22   is charged.  If you decide not to testify, the court

23   would instruct the jury they could not hold that

24   against you.

25                   Do you understand that, sir?

1        MR. PIERUCCI:  Yes, your Honor.

2        THE COURT:  If you decide to plead

3   guilty I will have to ask you questions about what you

4   did in order to satisfy myself that you are guilty of

5   the charge to which you seek to plead guilty, and you

6   will have to answer my questions and acknowledge your

7   guilt.  Thus, you will be giving up the rights that

8   I've just described, in particular the right not to

9   say anything that would show that you are guilty of

10  the crime with which you are charged.

11        Do you understand that, sir?

12        MR. PIERUCCI:  Yes, your Honor.

13        THE COURT:  If you plead guilty and I

14  accept your plea, you will be giving up your

15  constitutional right to a trial and the other rights

16  that I have just discussed.  There will no trial of

17  any kind, no right to appeal the conviction, although

18  you may still be able to appeal the actual sentence

19  which is imposed by the court.  The court will simply

20  enter a finding of guilty on the basis of your guilty

21  plea.

22        Do you understand that, sir?

23        MR. PIERUCCI:  Yes, your Honor.

24        THE COURT:  If you are adjudicated

25  guilty you may be deprived of certain federal benefits

1    as provided in Title 21, United States Code Section

2    862, and you will be deprived of certain rights, such

3    as the right to vote, the right to hold public office,

4    to serve on a jury or to possess firearms.

5                    Also, pursuant to Section 203B of the

6    Justice for All Act, the Bureau of Prisons or the

7    Probation will collect a DNA sample from you for

8    analysis and indexing.

9                    Finally, the government reserves the

10   right to notify any state or federal agency by whom

11   you are licensed or with whom you do business, as well

12   as any current of future employer, of the fact of this

13   conviction.

14                    Do you understand that, sir?

15                    MR. PIERUCCI:  Yes, your Honor.

16                    THE COURT:  Mr. Pierucci, are you

17   willing to give up your right to a trial and the other

18   rights that I have just discussed?

19                    MR. PIERUCCI:  Yes, your Honor.

20                    THE COURT:  Let me inquire of

21   government's counsel.  Is there a written plea

22   agreement?

23                    MR. NOVICK:  There is, your Honor.

24                    THE COURT:  Have the Defendant and his

25   counsel seen it?

1          MR. NOVICK:  Yes, your Honor.

2          THE COURT:  Mr. Pierucci, have you read

3  this agreement, sir?

4          MR. PIERUCCI:  Yes, your Honor.

5          THE COURT:  Do you understand it?

6          MR. PIERUCCI:  Yes, your Honor.

7          THE COURT:  Does your signature appear

8  on the last page?

9          MR. PIERUCCI:  Yes, your Honor.

10          THE COURT:  And the draft I received

11  does not have a stipulation of offense conduct; is

12  that correct?

13          MR. NOVICK:  That's correct, your

14  Honor.

15          THE COURT:  Thank you.  At this point

16  I'd ask government's counsel please to outline the

17  terms of the agreement.

18          MR. NOVICK:  Certainly, your Honor.

19          Your Honor, the plea agreement is a 9-

20  page document setting out the terms of the defendant's

21  agreement with the government in connection with his

22  plea of guilty today.  First, it sets out the plea and

23  the offenses to which the defendant is pleading

24  guilty.  He's pleading guilty first to Count 1 in

25  violation of Title 18, United States Code Section 271,

1    conspiracy to violate the FPCA.

2            In Count 2, a substantive violation of the

3    FPCA in violation of Title 15, United States Code

4    Section 78DD-2.  The elements of the crime are set out

5    on page -- bottom of page 1 continuing through the

6    middle of page 3, which I'll set out.

7            First, as to Count 1, there are four

8    elements.  First, an unlawful agreement between two or

9    more individuals to violate the Foreign Corrupt

10   Practices Act existed, specifically to willfully make

11   use of the mails and means and instrumentalities of

12   interstate commerce corruptly in furtherance of an

13   offer, payment, promise to pay and authorization of

14   the payment of any money, offer of gift, promise to

15   give and authorization of the giving of anything of

16   value to a foreign official and to a person while

17   knowing that all or a portion of such money and thing

18   of value would be and had been offered, given and

19   promised to a foreign official for purposes of, 1,

20   influencing acts and decisions of such foreign

21   official in his or her official capacity; 2, inducing

22   such foreign official to do and omit to do acts in

23   violation of the lawful duty of such official; 3,

24   securing an improper advantage; and 4, inducing such

25   foreign official to use his or her influence with a

foreign government and agencies and instrumentalities

thereof to effect and influence acts and decisions of

such government and agencies and instrumentalities in

order to assist the defendant and his co-conspirators

in obtaining and retaining business for and with and

directing business to their employer and others.

Second element, the defendant knowingly

and willfully entered that conspiracy.

Three, one of the members of the

conspiracy knowingly committed at least one of the

overt acts charged in the superseding indictment.

And four, the overt acts were committed

to further some objective of the conspiracy.

As to Count 2, there are two

alternative theories of guilt that the government may

prove in order to support this particular charge.

First, directly there are 7 elements.

1, the defendant was a domestic concern

or an officer, director, employee or agent of a

domestic concern.

2, the defendant acted corruptly and

willfully.

3, the defendant made use of the mails

or any means or instrumentality of interstate commerce

in furtherance of conduct that violates the FCPA.

1                  4, the defendant offered, paid,

2    promised to pay or authorized the payment of money or

3    offered, gave, promised to give or authorized the

4    giving of anything of value.

5                  5, the payment or gift at issue was to

6    a foreign official or was to any person while knowing

7    that all or a portion of such money or thing would be

8    offered, given or promised directly or indirectly to a

9    foreign official.

10                 6, the payment or gift at issue was

11   intended for at least one of four purposes, A, to

12   influence and act or decision of a foreign official in

13   his or her official capacity; B, to induce the foreign

14   official to do or omit to do any act in violation of

15   that official's lawful duty; C, to secure any improper

16   advantage; or D, to induce that foreign official to

17   use his or her influence with a foreign government or

18   department, agency or instrumentality thereof to

19   effect or influence any act or decision of such

20   government, department agency or instrumentality.

21                 And 7, the payment or give was intended

22   to assist the defendant in obtaining or retaining

23   business for or with or directing business to any

24   person or company.

25                 In addition, as a member of the

1  conspiracy charged in Count 1 described above, the

2  defendant is guilty of Count 2 described above if, and

3  there are 5 elements here.

4  Number 1, the crime charged in Count 2

5  was committed; number 2, persons who actually

6  committed the crime charged in Count 2 were members of

7  the conspiracy; number 3, the crime charged in Count 2

8  was committed pursuant to the common plan and

9  understanding existing among the conspirators; 4, the

10  defendant was a member of the conspiracy at the time

11  the crime charged in Count 2 was committed; and 5, the

12  defendant could have reasonably foreseen that the

13  crime charged in Count 2 might be committed by his co-

14  conspirators.

15  Continuing on page 3 the next section

16  discusses the penalties for violations of Count 1 and

17  Count 2.  As to each count in Count 2 there's a

18  maximum penalty of 5 years imprisonment.  As to Count

19  1 there's a maximum fine of $250,000, and as to Count

20  2 a maximum fine of $100,000.  The court may impose a

21  term of supervised release of not more than three

22  years to begin at the expiration of a term of

23  imprisonment, which if the defendant violates that

24  term of supervised release, the defendant will be

25  subject to further term of imprisonment of up to 2

years with no credit for time already spent on

supervised release.  The defendant is also subject to

the alternative fine provision and is obligated to pay

a $100 special assessment as to each count of

conviction for a total of $200.

The next section at the bottom of page

3 begins to discuss the sentencing guidelines and

indicates that they are applicable as one of several

factors the Sentencing Court will use to determine the

defendant's sentence, in addition to Title 18, United

States Code Section 3553A.

In the middle of page -- the top to

middle of page 4 regarding acceptance of

responsibility, the government is agreeing to

recommend that the Sentencing Court reduce by two

levels the defendant's adjusted offense level for his

prompt recognition and affirmative acceptance of

personal responsibility for the offense.  Moreover, if

the defendant qualifies, further one level decrease

under 3E1.1. of the sentencing guidelines, and his

adjusted offense level at that point is 16 or greater,

the government is agreeing to file a motion at the

time of sentencing with the court for that one level

additional reduction to reflect the defendant's prompt

notification of his intent to enter pleas of guilty.

1           These recommendations are conditioned

2     upon the defendant's affirmative demonstration of

3     acceptance of responsibility, which is discussed in

4     the middle of page 4.

5           In addition, the government reserves

6     the right to seek denial of the adjustment for

7     acceptance of responsibility if the defendant engages

8     in any acts unknown to the government at the time of

9     signing this agreement which indicate he has not

10    terminated or withdrawn from criminal conduct, could

11    provide a basis for obstruction of justice or

12    constitutes a violation of any conditions of release.

13          Finally, the defendant understands that

14    he may not withdraw his pleas of guilty if for the

15    reason explained above the government does not make

16    one or both of those recommendations.

17          There is a guideline stipulation

18    beginning on the bottom of page 4 and it simply

19    indicates that the parties agree that the sentencing

20    guideline range exceeds the statutory maximum sentence

21    of 10 years imprisonment and therefore the applicable

22    guideline range is actually the statutory maximum in

23    this case, which is 10 years imprisonment.

24          The next section -- excuse me, next

25    paragraph on the top of page 5 indicates that the

1    defendant agrees he will not move for a downward

2    departure or seek a variance from the guideline

3    sentence pursuant to the factors in Title 18, U.S.

4    Code Section 3553A except with regard to personal

5    history or personal characteristics unrelated to the

6    charged conduct, nor will he suggest that the

7    Probation Department or the court consider a departure

8    either.

9              The defendant understands the court,

10   the Sentencing Court is not bound by this agreement on

11   the guideline range specified above, and the defendant

12   will not be entitled to withdraw his plea of guilty if

13   the sentence is outside any of the ranges set forth in

14   the agreements or if the Probation Officer or the

15   court contemplates any sentencing calculations

16   different than those specified by the parties in the

17   agreement.

18             The next section deals with the waiver

19   of right to appeal or collaterally attack the

20   conviction or sentence.  The defendant is agreeing not

21   to appeal or collaterally attack in any proceeding his

22   sentence provided that the sentence does not exceed 10

23   years imprisonment, a 3-year term of supervised

24   release and a fine of $250,000 for Count 1, and a fine

25   of $100,000 for Count 2, even if the court imposes

1 such a sentence based on an analysis different from

2 that specified above.

3       In the next section the defendant is

4 agreeing to provide -- next section beginning on page

5 6 discussed waiver of rights. The defendant is giving

6 up certain trial rights and consequences of his guilty

7 pleas that the court has already discussed and I won't

8 reiterate now.

9       There's also a waiver of statute of

10 limitations. The defendant is agreeing that should

11 the conviction following the defendant's pleas of

12 guilty pursuant to this plea agreement be vacated for

13 any reason, and prosecution that is not time barred as

14 of the date of the signing of this plea agreement may

15 be commenced and reinstated against the defendant.

16       Next there's a waiver in right of

17 immigration status, and that is essentially that the

18 defendant understands that there will be immigration

19 consequences, if he is not a citizen of the United

20 States there will be immigration consequences of the

21 defendant's pleas of guilty and that he's not entitled

22 to withdraw his pleas of guilty should those

23 consequences come to bear.

24       Page 7 discusses the acknowledgement of

25 guilt of voluntariness of the defendant's plea, and

1    that is essentially that the defendant is entering

2    into this agreement and pleading guilty freely and

3    voluntarily because he is guilty, without reliance on

4    any discussions between the government and him, other

5    than those described in the plea agreement letter

6    without the promise or benefit of any kind other than

7    the concessions contained in the plea agreement letter

8    and without threats, force, intimidation or coercion

9    of any kind.

10              The scope of the agreement is discussed

11   on page 7.  This agreement cannot bind any other

12   federal authority, federal, state or local authority

13   and is limited to the undersigned parties.  Several

14   collateral consequences which the court has already

15   discussed are indicated in the bottom of 7 and top of

16   page 8, in addition to those immigration consequences

17   that I indicated earlier.

18              And finally, on page 8 discusses the

19   satisfaction of the defendant's federal criminal

20   liability.  The defendant's guilty pleas if accepted

21   by the court will satisfy his criminal liability in

22   the District of Connecticut as a result of his

23   participation in the conduct which forms the basis of

24   the superseding indictment in this case.

25              And I would note, your Honor, that also

1   the government further agrees not to prosecute the

2   defendant for other instances currently known to the

3   government of conspiring to make or making corrupt

4   payments to foreign officials in connection with power

5   related contracts obtained by or on behalf of the

6   defendant's employer or for creating or maintaining or

7   causing the creation or maintenance of false books and

8   records associated with any such contracts or

9   payments.  And the government is agreeing at the time

10  of after sentencing to dismiss or move to dismiss

11  Counts 3 through 10 of the indictments.

12                  And then finally on page 8 the

13  defendant understands that if he violates any term or

14  condition of this agreement the government may void

15  all or part of the agreement and the defendant will

16  not be entitled to withdraw his pleas of guilty.

17                  On page 9 it indicates that no other

18  promises, agreements or conditions have been entered

19  into other than those set forth in this plea agreement

20  and none will be entered into unless set forth in

21  writing and signed by all the parties.

22                  THE COURT:  Thank you.

23                  MR. NOVICK:  Thank you, your Honor.

24                  THE COURT:  Mr. Pierucci, does this

25  written agreement that has just been outlined by the

1   assistant United States attorney fully and accurately

2   reflect your understanding of the agreement that you

3   have entered into with the government?

4               MR. PIERUCCI:  Yes, your Honor.

5               THE COURT:  Other than the promises

6   contained in the written agreement, has anyone made

7   any other promises that have caused you to plead

8   guilty?

9               MR. PIERUCCI:  No, your Honor.

10              THE COURT:  Has anyone made any threats

11  against you, sir?

12              MR. PIERUCCI:  No, your Honor.

13              THE COURT:  Has anyone made any

14  promises to you as to what your sentence will be?

15              MR. PIERUCCI:  No, your Honor.

16              THE COURT:  At this point I ask one of

17  the attorneys please to file the plea agreement with

18  the Court Clerk.

19              (Pause.)

20              THE COURT:  The plea agreement, having

21  been signed by defendant, his counsel, as well as the

22  assistant United States attorney, I hereby return the

23  plea agreement to the Court Clerk so that it may be

24  filed.

25              Mr. Pierucci, I now want to discuss

1   with you the sentencing scheme that will be applied if

2   you plead guilty to these offenses.

3                   As you know, the offense in Count 1,

4   you're charged in violation of Title 18, United States

5   Code Section 371, carries a maximum penalty of 5 years

6   imprisonment; do you understand that, sir?

7                   MR. PIERUCCI:  Yes, your Honor.

8                   THE COURT:  In addition to any prison

9   term that you serve, you would also face a term of

10  supervised release for as much as 3 years.  If you

11  ever violate any condition of supervised release the

12  court could then sentence you to additional time in

13  prison.  Do you understand that, sir?

14                  MR. PIERUCCI:  Yes, your Honor.

15                  THE COURT:  Furthermore, under Title

16  18, United States Code Section 3571 you may be fined

17  not more than the greatest of the following:  A, the

18  amount as specified in the law setting forth the

19  offense which is $250,000; or B, the amount specified

20  by Title 18, United States Code Section 3571B for

21  felony convictions, which is $250,000; or C, the

22  alternative fine based on pecuniary gain or loss which

23  may be not more than the greater of twice the gross

24  gain to the defendant resulting from the offense, or

25  twice the gross loss to others resulting from the

1    offense.  So with respect to Count 1 you face a

2    possible fine of as much as $250,000; is that correct,

3    sir?

4                    MR. PIERUCCI:  Yes, your Honor.

5                    THE COURT:  Do you understand that,

6    sir?

7                    Also, unless otherwise ordered, should

8    Judge Arterton impose a fine of more than $2,500 as

9    part of the sentence, interest will be charged on the

10   unpaid balance of a fine amount not paid within 15

11   days after the judgment date.  Do you understand that,

12   sir?

13                   MR. PIERUCCI:  Yes, your Honor.

14                   THE COURT:  Turning then to Count 2, as

15   you know the offense in Court 2 you're charged with a

16   violation of Title 15, United States Code Section

17   89DD-2, carries a maximum penalty of 5 years

18   imprisonment.  Do you understand that, sir?

19                   MR. PIERUCCI:  Yes, your Honor.

20                   THE COURT:  In addition to any prison

21   term that you serve, you would also face a term of

22   supervised release for as much as three years.  If you

23   ever violate any condition of supervised release the

24   court could then sentence you to additional time in

25   prison.  Do you understand that, sir?

1          MR. PIERUCCI:  Yes, your Honor.

2          THE COURT:  Furthermore, under Title

3   18, United States Code Section 3571, you may be fined

4   not more than the greatest of the following:  The

5   amount as specified in the law stating forth the

6   offense which is $100,000.  Do you understand that,

7   sir?

8          MR. PIERUCCI:  Yes, your Honor.

9          THE COURT:  And is it my understanding

10  from counsel that Section (sic) 18, United States Code

11  Section 3571B does not apply with respect to the

12  $250,000 maximum?

13         MR. NOVICK:  That's right, your Honor.

14         THE COURT:  Okay.  Thank you.

15         So with respect to Court 2 you face a

16  maximum fine of as much as $100,000.  Do you

17  understand that, sir?

18         MR. PIERUCCI:  Yes, your Honor.

19         THE COURT:  And again, unless otherwise

20  ordered, should Judge Arterton impose a fine of more

21  than $2,500 as part of the sentence, interest will be

22  charged on the unpaid balance of a fine amount not

23  paid within 15 days after the judgment date.  Do you

24  understand that, sir?

25         MR. PIERUCCI:  Yes, your Honor.

1          THE COURT:  Finally, as provided by

2    Title 18, United States Code Section 3013, the court

3    must impose a mandatory special assessment of $100 for

4    each count, which in this case means $200.  Do you

5    understand that, sir?

6          MR. PIERUCCI:  Yes, your Honor.

7          THE COURT:  I want to draw your

8    attention to a section that's found on the bottom of

9    page 6 and continues on to the top of page 7 which is

10   entitled, Waiver in Right of Immigration Status.  The

11   first paragraph begins that you understand that by

12   pleading guilty it may have consequences with respect

13   to your immigration status if you are not a citizen of

14   the United States.

15          Under federal law a broad range of

16   crimes are removal offenses, including the offense to

17   which you are pleading guilty.  Removal and other

18   immigration consequences are the subject of a separate

19   proceeding, however, and you understand that no one,

20   including your attorney or the District Court, can

21   predict to a certainty the effect of your conviction

22   upon your immigration status.  The paragraph ends that

23   you nevertheless affirm that you want to plead guilty

24   regardless of any immigration consequences that your

25   plea may entail, even if the consequence is automatic

1   removal from the United States.

2           The second paragraph begins that you

3   understand that you are bound by your guilty plea

4   regardless of the immigration consequences of the plea

5   and regardless of any advice that you have received

6   from your attorney or others regarding these

7   consequences.

8           The paragraph continues that

9   accordingly you waive any and all challenges to your

10   guilty plea and to your sentence based on those

11   consequences and agree not to seek to withdraw your

12   guilty plea or file a direct appeal of any kind of

13   collateral attack challenging your guilty plea,

14   conviction or sentence base on the immigration

15   consequences of your guilty plea, conviction and

16   sentence.

17           You understand all that, sir?

18           MR. PIERUCCI:  Yes, your Honor.

19           THE COURT:  Thank you.

20           Now I will describe for you how

21   sentencing works.  Before your sentencing, you, your

22   lawyer, the government and the court will receive a

23   report prepared by the United States Probation Office

24   which help the court in determining the appropriate

25   sentence for you.  That report will recommend a

1  sentencing range based on the United States sentencing

2  guidelines, in the policy statement in those

3  guidelines.

4               You, your lawyer, and counsel for the

5  government will have an opportunity to object to the

6  presentence report.  That report will also consider

7  whether any downward or upward departures from the

8  suggested sentencing range are warranted, and your

9  lawyer as well as the government's lawyer will also be

10 able to argue for or against departures whether such

11 departures are discussed in the report or not.

12              It is important for you to understand

13 that Judge Arterton must consider the United States

14 sentencing guidelines and their policy statements in

15 determining your sentence.  However, she is not bound

16 by those guidelines.  Also, if there are factual

17 disputes about matters that are relevant to your

18 sentence, including objections to particular

19 applications of the guidelines, Judge Arterton will

20 either resolve those issues based on the preponderance

21 of the evidence, or choose not to resolve them.

22              After Judge Arterton has considered the

23 factual matters concerning your sentence and

24 determined whether any departures from that guideline

25 range are appropriate, it is likely she will then

1  indicate the appropriate sentencing range for you

2  under the sentencing guidelines.  Judge Arterton will

3  consider this range, but as I have just mentioned she

4  is not bound by it and will impose a sentence based on

5  that consideration, but also on the federal statute

6  that sets forth the factors to be considered in

7  sentencing, namely Title 18, United States Code

8  Section 3553A.

9              In other words, Judge Arterton may give

10 you a sentence within the guidelines range or outside

11 of that range.  You will have no right to withdraw

12 your guilty plea whether Judge Arterton sentences you

13 in accordance with the guidelines or outside of them.

14             There are some additional points you

15 should know about how sentencing works.  First, until

16 the presentence report is prepared and you, your

17 lawyer and the prosecutor have had an opportunity to

18 comment on it, and Judge Arterton has ruled on

19 disputed issues, you cannot know with certainty what

20 the guidelines range will be, whether they'll be

21 granted apart from the guideline range, and what your

22 ultimate sentence will actually be.

23             Second, you should know that Judge

24 Arterton is not bound by any agreement between you and

25 the government and any issues set forth in your plea

 1   agreement, including any sentencing guidelines issues.

 2   If Judge Arterton does not accept such agreements that

 3   are set forth in your plea agreement, you will still

 4   be bound by your guilty plea.  You will have no right

 5   to withdraw your guilty plea and Judge Arterton can

 6   impose a sentence more severe than you may expect.

 7                    Do you understand all this, sir?

 8                    MR. PIERUCCI:  Yes, your Honor.

 9                    THE COURT:  Do you have any questions

10   for me at this time?

11                    MR. PIERUCCI:  No, your Honor.

12                    THE COURT:  Have you reviewed with your

13   attorney the maximum penalties in your case, the

14   operation of the sentencing guidelines and how they

15   may apply to you?

16                    MR. PIERUCCI:  Yes, your Honor.

17                    THE COURT:  Has your attorney given you

18   an estimate as what your sentence may be?

19                    MR. PIERUCCI:  Not really, no.

20                    THE COURT:  Has your lawyer told you

21   that Judge Arterton is not bound by any estimate that

22   he may have given you?

23                    MR. PIERUCCI:  Yes, your Honor.

24        (At this point a portion of the transcript was

25          sealed by order of the Court.)

1          THE COURT:  Mr. Pierucci, you can

2    appeal your conviction if you believe your guilty plea

3    was somehow unlawful or involuntary, or if there is

4    some other fundamental defect in the proceedings that

5    was not waived by your guilty plea.

6          You also have a statutory right to

7    appeal your sentence under certain circumstances,

8    particularly if you think the sentence is contrary to

9    law.  With few exceptions, any notice of appeal must

10   be filed within 10 days of judgment being entered in

11   your case.  If you are unable to pay the cost of an

12   appeal, you may apply for (inaudible) appear from

13   (inaudible).  If you so request the Clerk of the court

14   will prepare the file and notice of appeal on your

15   behalf.

16          Do you understand that, sir?

17          MR. PIERUCCI:  Yes, your Honor.

18          THE COURT:  I want to draw your

19   attention to a paragraph on page 5 of the agreement

20   which is entitled, Waiver of Right to Appeal or

21   Collaterally Attack Conviction and Sentence.  First

22   paragraph begins that you acknowledge that under

23   certain circumstances you are entitled to challenge

24   your conviction and sentence.

25          The paragraph continues that you agree

1    not to appeal or collaterally attack in any proceeding

2    the conviction or sentence imposed by the court if

3    that sentence does not exceed 10 years, a 3-year term

4    of supervised release, and a fine of $250,000 for

5    Count 1 and $150,000 for Count 2, even if Judge

6    Arterton imposes such a sentence based on analysis

7    which is different from that specified above in this

8    plea agreement.

9              The paragraph continues that you and

10   the government agree not to appeal or collaterally

11   attack the court's imposition of a sentence of

12   imprisonment concurrently or consecutively, in whole

13   or in part, with any other sentence.  The paragraph

14   continues that you acknowledge that you are knowingly

15   and intelligently waiving these rights.  The paragraph

16   ends that you agree that any challenge to your

17   sentence that is not foreclosed by this provision will

18   be limited to that portion of the sentencing

19   calculation that is inconsistent with or not addressed

20   by this waiver.

21             Do you understand all that, sir?

22             MR. PIERUCCI:  Yes, your Honor.

23             MR. TWARDY:  Yes, your Honor.

24             THE COURT:  Okay.  Thank you.

25             Now, you've indicated you wish to plead

```
 1    guilty to Counts 1 and 2 of the superseding

 2    indictment.  As we have addressed in the superseding

 3    indictment, Count 1 charges you with conspiracy to

 4    violate the Foreign Corrupt Practices Act in violation

 5    of Title 18, United States Code Section 371.  And

 6    Count 2 charges you with violation of the Foreign

 7    Corrupt Practices Act in violation of Section 78DD-2

 8    of Title 15 of the United Sates Code.

 9                    At this point I'm going to ask the

10    assistant United States attorney to claim the elements

11    of these offences.  By elements, I mean those facts

12    that the government would have to prove beyond a

13    reasonable doubt before you can be convicted or you

14    decide not to change your plea and proceed instead to

15    trial.  And I want you to bear in mind, sir, that the

16    government has to prove each of those facts by

17    persuading the jury of 12 persons those facts are true

18    beyond a reasonable doubt.

19                    Do you understand that, sir?

20                    MR. PIERUCCI:  Yes, your Honor.

21                    MR. NOVICK:  Your Honor, the elements

22    are laid out on pages 1 through 2 of the plea

23    agreement.

24                    As to Count 1, the first element to

25    Count 1, an unlawful agreement between two or more
```

1  individuals to violate the Foreign Corrupt Practices

2  Act existed, specifically to willfully make use of the

3  mails and means and instrumentalities of interstate

4  commerce corruptly in furtherance of an offer,

5  payment, promise to pay and authorization of the

6  payment of any money, offer of gift, promise to give

7  and authorization of the giving of anything of value

8  to a foreign official and to a person while knowing

9  that all or a portion of such money and thing of value

10 would be and had been offered, given and promised to a

11 foreign official for purposes of, 1, influencing acts

12 and decisions of such foreign official in his or her

13 official capacity; 2, inducing such foreign official

14 to do and omit to do acts in violation of the lawful

15 duty of such official; 3, securing an improper

16 advantage; and 4, inducing such foreign official to

17 use his or her influence with a foreign government and

18 agencies and instrumentalities  thereof to effect and

19 influence acts and decisions of such government and

20 agencies and instrumentalities in order to assist the

21 defendant and his co-conspirators in obtaining and

22 retaining business for and with and directing business

23 to their employer and others.

24           Second element, the defendant knowingly

25 and willfully entered that conspiracy.

 1             The third element, one of the members

 2  of the conspiracy knowingly committed at least one of

 3  the overt acts charged in the superseding indictment.

 4             And four, the overt acts were committed

 5  to further some objective of the conspiracy.

 6             Count 2, 7 elements.  First, the

 7  defendant was a domestic concern or an officer,

 8  director, employee or agent of a domestic concern.

 9             2, the defendant acted corruptly and

10  willfully.

11             3, the defendant made use of the mails

12  or any means or instrumentality of interstate commerce

13  in furtherance of conduct that violates the Foreign

14  Corrupt Practices Act.

15             Number 4, the defendant offered, paid,

16  promised to pay or authorized the payment of money or

17  offered, gave, and promised to give or authorized the

18  giving of anything of value.

19             5, the payment or gift at issue was to

20  a foreign official or was to any person while knowing

21  that all or a portion of such money or thing would be

22  offered, given or promised directly or indirectly to a

23  foreign official.

24             6, the payment or gift at issue was

25  intended for at least one of four purposes; A, to

influence and act or decision of a foreign official in his or her official capacity; B, to induce the foreign official to do or omit to do any act in violation of that official's lawful duty; C, to secure any improper advantage; or D, to induce that foreign official to use his or her influence with a foreign government or department, agency or instrumentality thereof to effect or influence any act or decision of such government, department agency or instrumentality.

And 7, the payment or give was intended to assist the defendant in obtaining or retaining business for or with or directing business to any person or company.

In addition, as a member of the conspiracy charged in Count 1 described above, the defendant is guilty of Count 2 if, number 1, the crime charged in Count 2 was committed; number 2, persons who actually committed the crime charged in Count 2 were members of the conspiracy; number 3, the crime charged in Count 2 was committed pursuant to the common plan and understanding existing among the conspirators; number 4, the defendant was a member of the conspiracy at the time the crime charged in Count 2 was committed; and number 5, the defendant could have reasonably foreseen that the crime charged in

1  Count 2 might be committed by his co-conspirators.

2  THE COURT:  Thank you.

3  Mr. Pierucci, we are now going to turn

4  to the key events that bring you here today.  Before

5  we do so, do you have any questions which you would

6  like to ask your attorney or the court at this time?

7  MR. PIERUCCI:  No, your Honor.

8  THE COURT:  I would ask you, sir, to

9  please tell me in your own words what you did which

10  shows that you are in fact guilty of the charges to

11  which you are now offering to plead guilty.

12  MR. PIERUCCI:  I have got a few words.

13  I started a French company (unintelligible) services

14  around the world, (inaudible) subsidiaries in many

15  countries, including the U.S.  I worked in boiler

16  sales as --

17  THE COURT:  If you could slow down,

18  please.

19  MR. PIERUCCI:  Yes.

20  THE COURT:  Thank you.

21  MR. PIERUCCI:  Between 1999 and 2006 I

22  was the head of the boiler sales stationed in Windsor,

23  Connecticut, and during part of the time I was the

24  vice president of global boiler sales and marketing at

25  Alstom Power, Inc.  While in the U.S. I was a legal

1    resident.

2                    From in about 2002 through in about

3    2009 a conspiracy existed between employees of Alstom,

4    between the employees of Alstom Power, Inc., employees

5    of other entities of Alstom, employees of Marubeni

6    Corporation, and third-party consultants which I

7    willfully and knowingly join to pay bribes to

8    individuals I knew to be foreign government officials

9    in order to secure a power project with the state own

10   and state control electricity company in Indonesia,

11   PLN for short, to build a power plant.  The project

12   was the Tarahan project.  I knew PLN was a government

13   entity.

14                   I and my co-conspirator disguised the

15   bribes by paying them for third-party consultants.

16   The consultancy payments were termed commissions even

17   though the money was paid to the consultants knowing

18   that at least a portion would be passed on to the

19   Indonesian officials in return for their assistance in

20   securing the Tarahan contract for Alstom and Marubeni.

21                   I and my co-conspirators sent emails in

22   the district of Connecticut and elsewhere discussing

23   the details of this scheme.  As part of the scheme

24   interstate and international wire transfer payments

25   were made from Connecticut with the consultants for

the purpose of paying bribes to Indonesian officials.
I and my co-conspirators were successful in securing
the Tarahan project.

           THE COURT:  Thank you.

           Is government's counsel satisfied?

           MR. NOVICK:  Yes, your Honor.

           THE COURT:  Mr. Pierucci, I'm going to
ask the prosecutor to summarize what you did that
makes you guilty of the charges to which you intend to
plead guilty, and also the government's evidence as to
these charges against you.  I would ask you, sir, to
please listen carefully because when the prosecutor is
finished I will ask whether you agree with the
prosecutor's summary of what you did.

           MR. NOVICK:  Your Honor, between 1999
and 2006 the Defendant was the head of boiler sales
stationed at Windsor, Connecticut, and part of that
time was the vice president of global boiler sales for
Alstom Power, Inc.  During that time the defendant was
a legal resident of the United States.

           From in or about 2002 through 2009 a
conspiracy existed among employees of Alstom,
including Alstom Power, Incorporated, and other Alstom
entities, Marubeni and third-party consultants, in
which the defendant willfully -- in that conspiracy

1  which the defendant willfully and knowingly joined to

2  pay bribes to individuals the defendant knew to be

3  foreign government officials in order to secure a

4  power project with the state owned and state

5  controlled electricity company, PLN for short, to

6  build a power plant.  The project was called the

7  Tarahan project.  The defendant knew that PLN was a

8  government entity.

9       The Government would further prove that

10  the defendant and his co-conspirators disguised the

11  bribes by paying them through third party consultants.

12  The consultancy payments were termed commissions even

13  though the money was paid to the consultant knowing

14  that at least a portion would be passed on to the

15  Indonesian officials in return for their assistance in

16  securing the Tarahan project contract for Alstom and

17  Marubeni.

18       The government would further prove that

19  the defendant and his co-conspirators sent emails in

20  the district of Connecticut and elsewhere discussing

21  the details of the criminal scheme, and interstate and

22  international wire transfer payments were made from

23  Connecticut to the consultants for the purpose of

24  paying bribes to Indonesian officials.  The defendant

25  and his co-conspirators were successful in securing

1  the Tarahan project.

2           The government would prove that case,

3  your Honor, in several different ways.  Through the

4  testimony of witnesses, and that would include

5  cooperating witnesses who would be testifying as co-

6  conspirators in this scheme that I just discussed, as

7  well as numerous documents both internal to Alstom as

8  well as other documents from other sources.

9           THE COURT:  Thank you.

10          MR. NOVICK:  Thank you.

11          THE COURT:  Mr. Pierucci, do you agree

12 with the prosecutor's summary of what you did, sir?

13          MR. PIERUCCI:  Yes, your Honor.

14          THE COURT:  Is there anything that the

15 prosecutor said with which you disagree?

16          MR. PIERUCCI:  No, your Honor.

17          THE COURT:  Mr. Pierucci, I understand

18 you and your lawyer have reviewed a petition to the

19 court to enter a plea of guilty.  Have you discussed

20 this petition fully with your attorney?

21          MR. PIERUCCI:  Yes, your Honor.

22          THE COURT:  Let me now inquire of

23 government's counsel.  Have you reviewed a copy of

24 this petition prior to the beginning of this court

25 proceeding?

1          MR. NOVICK:  Yes, your Honor.

2          THE COURT:  Do you have any comments

3    about it?

4          MR. NOVICK:  No, your Honor.

5          THE COURT:  I would ask the defendant

6    and his counsel please to sign the petition and hand

7    it up to the Court Clerk for filing.

8          (Pause.)

9          THE COURT:  The petition, having been

10   signed by defendant on page 14 as well as his counsel

11   on page 16, I hereby return the petition to the Court

12   Clerk so that it may be filed.

13         Mr. Pierucci, have you read the charges

14   against you, sir?

15         MR. PIERUCCI:  Yes, your Honor.

16         THE COURT:  I will have the Court Clerk

17   read the charges to you unless you waive a reading of

18   the charges.  Do you wish to waive a reading of the

19   charges?

20         MR. PIERUCCI:  Yes, your Honor.

21         THE COURT:  I therefore ask the Court

22   Clerk please to take Mr. Pierucci's plea to Counts 1

23   and 2 of the superseding indictment.

24         THE CLERK:  In the case of the United

25   States vs. Frederic Pierucci, Criminal Number 3:12-CR-

1  238 JBA, as to Count 1 of the superseding indictment

2  charging you with a violation of Title 18, United

3  States Code Section 371, what is your plea?

4                    MR. PIERUCCI:  Guilty.

5                    THE CLERK:  As to Count 2 of the

6  superseding indictment charging you with a violation

7  of Title 15, United States Code Section 78DD-2 and

8  Title 18, United States Code Section 2, what is your

9  plea?

10                   MR. PIERUCCI:  Guilty.

11                   THE CLERK:  Your Honor, defendant

12 pleads guilty to Count 1 and 2 of the superseding

13 indictment.

14                   THE COURT:  On the basis of the

15 petition which the defendant has signed that

16 accompanies certificate of counsel, the answers given

17 by the defendant under oath on the record and in the

18 presence of his counsel to the questions of the court,

19 the remarks for the defense counsel and the remarks of

20 the assistant United States attorney, I hereby find

21 that the defendant is competent to plea, that he knows

22 of his right to a trial, that he knows what the

23 maximum possible sentence is and that the court will

24 consider the sentencing guidelines, and that he knows

25 he has a right to appeal his sentence and is limited

1  by the plea agreement.

2  I also find that there is a factual

3  basis for the defendant's plea and that he is entering

4  this plea voluntarily, knowingly and of his own free

5  will.  Accordingly, I will file a finding and

6  recommendation on a plea of guilty for Judge

7  Arterton's approval, and the case shall be referred to

8  the U.S. Probation Office for a presentence

9  investigation.  It is so ordered.

10  You may be seated.  Thank you.

11  MR. NOVICK:  Thank you, your Honor.

12  THE COURT:  Let me hand the finding and

13  recommendation of plea of guilty to the Court Clerk so

14  that it may be filed.

15  Mr. Pierucci, at some time in the near

16  future you will be interviewed by a member of the U.S.

17  Probation Office.  This U.S. Probation Officer will

18  later prepare a presentence investigation report on

19  you, and this report will be submitted to the court to

20  assist in determining the appropriate sentence.

21  I want you to please bear in mind, sir,

22  the Probation Officers work for the court and not for

23  the prosecutor, so your cooperation and that of your

24  friends to the U.S. Probation Office will generally be

25  of benefit to you.

1        However, it is important that you

2   carefully discuss with your attorney what you say to

3   the Probation Office because the presentence report is

4   very important in the calculation of your guidelines

5   in the consideration of your sentence.  You understand

6   that, sir?

7               MR. PIERUCCI:  Yes, your Honor.

8               THE COURT:  And I assume defense

9   counsel made the arrangements for your client to be

10  interviewed by probation, correct?

11              MR. TWARDY:  Yes, your Honor.

12              THE COURT:  I know that when I saw the

13  defendant back on April 19th he was detained without

14  prejudice.  Does defense counsel wish for me to

15  revisit the issue of bond at this time?

16              MR. TWARDY:  Not at this time, your

17  Honor.

18              THE COURT:  Let us then turn to the

19  schedule for sentencing.

20              Defendant shall appear for sentencing

21  on Friday, October 25th at 3:30 in the afternoon, and

22  that's a date and time that was given to my chambers

23  last week by Judge Arterton's chambers.

24              The presentence report must be

25  disclosed to the defendant, to counsel for the

1  defendant and to the government by no later than

2  September 9th.  Counsel shall communicate to the

3  Probation Officer any objections that they may have as

4  to any material information, sentencing

5  classifications, sentencing guidelines range, and

6  policy statements in the report on or before September

7  23rd.  The second presentence report must be disclosed

8  to counsel and to the court by no later than October

9  2rd.

10            The defendant shall submit any

11  memorandum in aid of sentencing by no later than

12  October 10th, and the government shall submit any

13  response to the defendant's sentencing memo by no

14  later than October 17th.

15            On behalf of Judge Arterton I must

16  emphasize the importance of meeting these deadlines.

17  Sentencing memoranda are not as helpful to the court

18  when they are submitted on the day of sentencing or

19  shortly before.  And again, sentencing has been set

20  for October 25th at 3:30 in the afternoon.

21            Does anyone have any questions or

22  comments concerning the sentencing schedule?

23            MR. NOVICK:  No, your Honor.

24            MR. TWARDY:  No, your Honor.

25            THE COURT:  Then let me hand the order

1    with all these deadlines to the Court Clerk so that it

2    may be filed.

3              Mr. Pierucci, do you understand that

4    failure to appear for sentencing may subject you to

5    additional penalties for the offense of failure to

6    appear or for violation of a court order?  Do you

7    understand that, sir?

8              MR. PIERUCCI:  Yes, your Honor.

9              THE COURT:  Is there anything further

10   from Government's counsel?

11             MR. NOVICK:  No, your Honor.

12             THE COURT:  Is there anything further

13   from defense counsel?

14             MR. TWARDY:  Your Honor, may counsel

15   for the government and defense approach the bench?

16             THE COURT:  Certainly.

17             (Sidebar conversation - inaudible.)

18             THE COURT:  Mr. Pierucci, do you

19   understand everything that happened here this

20   afternoon?

21             MR. PIERUCCI:  Yes, your Honor.

22             THE COURT:  Do you have any questions

23   for me at this time?

24             MR. PIERUCCI:  No, your Honor.

25             THE COURT:  Okay.  Unless you hear

1  otherwise, your next court appearance will be on

2  October 25th at 3:30 in the afternoon for sentencing

3  before Judge Arterton.

4                    Hearing nothing further, the

5  (inaudible) will be in recess.  I wish everyone a very

6  pleasant afternoon.  Thank you.

7                    ALL:  Thank you, your Honor.

8                    (Proceedings concluded at 3:55 p.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                      <u>CERTIFICATE</u>

2

3            I hereby certify that the foregoing 60

4 pages are a complete and accurate transcription to the

5 best of my ability of the electronic recording of the

6 Initial Appearance, Arraignment and Change of Plea in

7 re:  UNITED STATES OF AMERICA v. FREDERIC PIERUCCI,

8 Criminal No. 3:12-CR-00238 JBA, held before The Hon.

9 Joan G. Margolis, U.S. Magistrate Judge, in New Haven,

10 Connecticut, on July 29, 2013.

11

12

13

14 s/s_____         _____

15 Suzanne Benoit, Transcriber       Date

16

17

18

19

20

21

22

23

24

25