**United States District Court
District of Connecticut
FILED AT NEW HAVEN
September 12, 2014
Roberta D. Tabora, Clerk
By _____ Deputy Clerk**

**SUPPLEMENTAL ORDER SETTING CONDITIONS OF RELEASE**

CASE NO. 3:12cr238(JBA) USA v. Frederic Pierucci

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(X) 1. The defendant shall not commit any offense in violation of federal, state or local law while on release in this case. The defendant shall immediately report to pretrial services every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(X) 2. The defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing of any change in address and telephone number.

(X) 3. The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(X) 4. The defendant shall appear at all proceedings as required and, if convicted, shall surrender for service of any sentence imposed as directed. The defendant shall next appear at (if blank, to be notified):

Place: 141 Church Street, Courtroom 2, New Haven, CT
Date and Time: 12/10/14, 10:00 am

**RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND**

( ) 5. The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ) 6. The defendant executes a bond in the amount of $_____ [to be cosigned by _____]. The bond shall obligate the defendant [and the cosigner[s]] to pay the United States the sum of money in the bond in the event that the defendant fails to appear as required or fails to surrender as directed for the service of any sentence imposed.

**RELEASE ON SECURED BOND**

(X) 7. The defendant executes an agreement to forfeit upon failing to appear as required or surrender for sentence, the following sum of money or designated property: $235,000 in Ameritrade account + $200,000 from Nicolas Roa to be wired into the USDC's account on 9/5/14

( ) 8. The defendant executes papers to secure the bond with property located at _____, the paperwork therefor to be completed by _____.

( ) 9. The defendant executes a bail bond with solvent sureties in the amount of $_____.

**THIRD PARTY CUSTODIAN**

( ) 10. The defendant is placed in the custody of _____ who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings and (c) to notify the Court immediately in the event that the defendant violates any conditions of his/her release or is no longer in the custodian's custody.

Date: _____ Signed: _____
                                    Custodian/Organization        Relationship to Defendant

City and State: _____ Telephone No. _____

FT (X) 11. The defendant shall abide by the following restrictions on residence or travel: _Travel to other EU countries; all other travel must require Court permission_

( ) 12. The defendant is restricted to his/her residence every day/_____ from _____ to _____, or as directed by the pretrial services officer.

( ) 13. The defendant shall be subject to home detention, so that he/she is restricted to his/her residence at all times except for the following: employment; education; religious services; medical appointments; substance abuse or mental health treatments; appointments with counsel; court appearances; appointments with U.S. Probation Office; appointments at the direction of U.S. Probation Office; Court-ordered obligations; and such other activities as are pre-approved by the pretrial service officer.

( ) 14. The defendant shall maintain residence at a half-way house or community corrections center, _____, as deemed necessary by the pretrial services officer.

( ) 15. The defendant shall submit to electronic monitoring or other location verification system, _____, in accordance with all requirements set by the pretrial services officer. The defendant further shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any electronic monitoring or other location verification system.

  ( ) a. The defendant shall pay all or part of the cost of the program based upon his/her ability to pay, as determined by the pretrial services officer.

  ( ) b. The defendant is not required to pay the cost of the program.

( ) 16. The defendant shall surrender his/her passport to _____ by no later than _____.

( ) 17. The defendant shall not obtain a new passport or other international travel document.

**REPORTING, EMPLOYMENT, EDUCATION, AND LIMITS ON ASSOCIATION**

FP (X) 18. The defendant shall report to the U.S. Probation Office as directed. _Weekly e-mails_

( ) 19. The defendant shall continue or actively seek employment. _____

( ) 20. The defendant shall continue or commence an educational program. _____

( ) 21. The defendant shall avoid all contact, directly or indirectly (except through counsel), with any known co-defendants, and with any person who is or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____

( ) 22. The defendant shall refrain from possessing a firearm, destructive device or other dangerous weapons.

( ) 23. The defendant shall refrain from any use of the Internet, _____

( ) 24. The defendant shall not be within _____ feet of any school, childcare center, playground, or other facility frequented by children, and shall not be left alone, without other adult supervision, with any minor child _____

FG (X) 25. _Defendant shall return to US by 11/3/14_

( ) 26. _____

( ) 27. The defendant shall submit to any method of testing required by the pretrial services officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing.

( ) 28. The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling, _____, if directed by the pretrial services officer.

( ) 29. The defendant shall not use or unlawfully possess a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( ) 30. The defendant shall refrain from ( ) any ( ) excessive use of alcohol.

( ) 31. The defendant shall submit to psychological or psychiatric testing._____.

( ) 32. The defendant shall undergo medical, psychiatric, psychological, or other mental health counseling, _____ _____, in an inpatient or outpatient facility, _____, if directed by the pretrial services officer.

( ) 33. _____

( ) 34. _____

FP

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both. The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

    Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

    (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

    (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

New Hanson, CT          860 965 2182
City and State                  Telephone Number

### Directions to United States Marshal

(X) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

Date: 9/12/14                        /s/
                                               Signature of Judicial Officer

                                    Joan G. Margolis, U.S. Magistrate Judge
                                    Name and Title of Judicial Officer

DISTRIBUTION:    COURT     DEFENDANT     PRETRIAL SERVICE     U.S. ATTORNEY     U.S. MARSHAL